UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERRICK T. COLLINS,

    Plaintiff,

v.                                                                           Civil No. 05-CV-10039-BC

COMMISSIONER OF                                       DISTRICT JUDGE DAVID M. LAWSON
SOCIAL SECURITY,                                         MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**
(Dkt. 8)

**I.     RECOMMENDATION**

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**, as Plaintiff has failed to exhaust administrative remedies as required by the Social Security Act.

**II.    REPORT**

Pending in this Social Security benefits claim, pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, is the above-entitled motion. Plaintiff has filed a response opposing the motion (Dkts. 15 & 16), and Defendant has filed a reply (Dkt. 19). Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

Review of this Court's records indicates that on February 4, 2005, acting *pro se*, Plaintiff filed an application to proceed without prepayment of fees. (Dkt. 1.) On February 25, 2005, Judge

Lawson granted Plaintiff's request, and the complaint and notice of reference were filed. (Dkts. 2-4.) Attached to Plaintiff's complaint are copies of medical records and a copy of a Request for Hearing by Administrative Law Judge (ALJ) dated July 29, 2004. The instant motion followed on May 5, 2005. Filed as an exhibit to the motion is a declaration by Howard Kelly, Acting Chief of Court Case Preparation for the Office of Appellate Operations for the Social Security Administration. (Dkt. 9.) The declaration states that, corroborating the exhibits attached to Plaintiff's complaint, Plaintiff filed on July 29, 2004, a request for hearing before an ALJ on a claim Plaintiff made for supplemental security income benefits. Mr. Kelly states that a hearing was held before an ALJ on May 7, 2005, but that the ALJ has not yet rendered his decision on Plaintiff's claim for benefits. Based on the representations of Mr. Kelly, the Commissioner argues that this Court does not yet have jurisdiction over Plaintiff's social security benefits claim, as he has not yet completed the administrative review process that Congress has made a prerequisite to this Court's jurisdiction over social security benefits claims. In other words, the Commissioner contends that Plaintiff has not yet exhausted his administrative remedies. Plaintiff opposes the motion, arguing that unspecified emergency circumstances, as well as racial discrimination, justify this Court's review of Plaintiff's claim.

  In enacting the Social Security system, Congress created a two-tiered system in which an administrative agency handles claims, and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an Administrative Law Judge, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found

during this administrative review process, only then may the claimant file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

As a result, under the Social Security Act, this Court has original jurisdiction to review only the Commissioner's final administrative decision. 42 U.S.C. § 405(g). That judicial review under the Social Security Act is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner, not this Court, is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case de novo, . . . ." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984). The scope of the court's review is limited to an examination of the Commissioner's administrative record only. *Brainard,* 889 F.2d at 681.

As mentioned, Plaintiff opposes this motion, arguing that emergency circumstances and racial discrimination justify this Court's jurisdiction. The documents filed by both parties indicate that Plaintiff has a social security benefits claim pending before the Commissioner, that Plaintiff has requested a hearing by an ALJ, and that the proceedings on his benefits claim have thus far not progressed past the stage of an ALJ's review. As a result, under 42 U.S.C. § 405(g) as interpreted by the United States Supreme Court, this Court does not have jurisdiction to entertain a review of Plaintiff's social security benefits claim at this time. That jurisdiction will exist only when the Commissioner renders a "final decision." That "final decision" has not yet been rendered, and as a result this Court has no jurisdiction over Plaintiff's claim.

Although not specifically referred to by Plaintiff, a waiver of exhaustion can be found "in certain special cases," such as when a claimant raises challenges wholly collateral or outside of his

3

or her claim for benefits and makes a colorable showing that his injury could not be remedied by a retroactive payment of benefits. *See Heckler v. Ringer*, 466 U.S. 602, 618, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984), citing *Mathews v. Eldridge*, 424 U.S. 319, 330-332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). Although Plaintiff has filed numerous other documents in addition to his objections to this motion, (Dkts. 12, 13, 14, 20), all of these documents deal directly with Plaintiff's social security benefits claims. None of them can be considered "collateral" within the meaning of *Ringer*. Nor has Plaintiff made any showing that a retroactive payment of benefits would not remedy his claim. In addition, once Plaintiff completes the administrative review process set forth by Congress in the Social Security Act, he will not be precluded from arguing that the Commissioner's decision violated his federally protected constitutional rights, or was brought about by racially motivated discrimination. I therefore suggest that Defendant's motion be granted.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                 s/ *Charles E Binder*
                                                 CHARLES E. BINDER
Dated: July 18, 2005                     United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet Parker, and served in the traditional manner on Errick Collins and Honorable David M. Lawson.

Dated:  July 18, 2005                     By    s/Mary E. Dobbick
                                                      Secretary to Magistrate Judge Binder